UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Civil Action No. |
| - v. - | 23-CV-476 |
| SECOND A-ONE, INC., ISACK DAVID WEISZ, LA JARABACOA DELI AND GROCERY CORP., PRIMO FLAT FIX INC., | (_____, J.) |
| 1127-1129 IRVING AVENUE LLC, HERMENEGILDO SILVIO HERNANDEZ, PRIMO FLAT FIX INC. D/B/A LOS PRIMOS AUTO REPAIR AND SALE, TERRA NOVA RESTORATION CORP., | (_____, M.J.) |
| RUDY L. REYES, ANDYBER AUTO REPAIR INC., K&M AUTO INC., and ANDY BERMEO, | |
| Defendants. | |

## COMPLAINT

The United States of America ("United States"), by its attorneys Breon Peace, United States Attorney for the Eastern District of New York, Ekta R. Dharia and Paulina A. Stamatelos, Assistant United States Attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint against Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., Primo Flat Fix Inc., 1127-1129 Irving Avenue LLC, Hermenegildo Silvio Hernandez, Primo Flat Fix Inc. d/b/a Los Primos Auto Repair and Sale, Terra Nova Restoration Corp., Rudy L. Reyes, Andyber Auto Repair Inc., K&M Auto Inc., and Andy Bermeo (collectively, "Defendants"), and avers as follows.

## NATURE OF THIS ACTION

1.     This is a civil action brought pursuant to the Comprehensive Environmental

Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9601-9675, to enforce three administrative orders issued by EPA ("Administrative Orders") to Defendants pursuant to CERCLA Sections 104(e) and 106(a), 42 U.S.C. §§ 9604(e) and 9606(a).

2.      EPA has determined that the former Wolff-Alport Chemical Company facility property ("Wolff-Alport Facility Property") located at the Wolff-Alport Chemical Company Superfund Site in Queens, New York (the "Wolff-Alport Site") is contaminated with thorium and uranium, both of which are radioactive elements and hazardous substances.  The Wolff-Alport Site includes the Wolff-Alport Facility Property and certain properties in its vicinity impacted by contamination that has emanated therefrom.

3.      Exposure to radionuclides and their decay products can damage deoxyribonucleic acid and body tissues and can cause an increase in the risk of cancer over a lifetime.

4.      To protect public health, welfare, and the environment, EPA and its designated representatives must access the Wolff-Alport Facility Property to conduct a remedial action, which includes demolishing the buildings to access, remove, and dispose of contaminated building materials and contaminated soils underneath the buildings.

5.      EPA, however, has been unable to obtain consent from Defendants for access to the following parcels of land at the Wolff-Alport Facility Property to conduct the above-described activities: (a) 1125 Irving Avenue, Queens, New York, which is owned or leased by Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., and Primo Flat Fix Inc.; (b) 1127 and 1129 Irving Avenue, Queens, New York, which is owned or leased by Defendants 1127-1129 Irving Avenue LLC, Hermenegildo Silvio Hernandez, Primo Flat Fix Inc. d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp.; and (c) 15-14 Cooper

Avenue, Queens, New York, which is owned or leased by Defendants Rudy L. Reyes, Andyber Auto Repair Inc., K&M Auto Inc., and Andy Bermeo.

6.     Through this action, the United States seeks to enforce EPA administrative access orders issued to Defendants and to obtain a judicial order providing EPA and its designated representatives with unfettered access to 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue in Queens, New York (collectively, "Subject Properties"), for the purpose of implementing its environmental cleanup of the Wolff-Alport Facility Property, as well as civil penalties from Defendants for each day of noncompliance with EPA's Administrative Orders seeking access to the Subject Properties.

## JURISDICTION AND VENUE

7.     This Court has exclusive jurisdiction over the subject matter of this action and personal jurisdiction under CERCLA Section 113(b), 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331 and 1345.

8.     Venue is proper in this judicial district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b) because the release or threatened release of a hazardous substance or substances that gives rise to this claim occurred and is occurring in this district.

## PARTIES

9.     Plaintiff is the United States of America, acting on behalf of EPA, an agency of the United States of America.

10.     Defendant Second A-One, Inc. is the owner of the property located at 1125 Irving Avenue, Flushing (Queens), New York 11385.

11.     Defendant Isack David Weisz is the principal of Second A-One, Inc.

3

12.     Defendant La Jarabacoa Deli and Grocery Corp. is a commercial tenant operating a business at 1125 Irving Avenue, Flushing (Queens), New York 11385.

13.     Defendant Primo Flat Fix Inc. is a commercial tenant operating a business at 1125 Irving Avenue, Flushing (Queens), New York 11385.

14.     Defendant 1127-1129 Irving Avenue LLC is the owner of the properties located at 1127 and 1129 Irving Avenue, Flushing (Queens), New York 11385.

15.     Defendant Hermenegildo Silvio Hernandez is the principal of 1127-1129 Irving Avenue LLC and of Terra Nova Restoration Corp.

16.     Defendant Primo Flat Fix, Inc. d/b/a Los Primos Auto Repair and Sale is a commercial tenant operating a business at 1127 Irving Avenue, Flushing (Queens), New York 11385.

17.     Defendant Terra Nova Restoration Corp. is a commercial tenant operating a business at 1129 Irving Avenue, Flushing (Queens), New York 11385.

18.     Defendant Rudy L. Reyes is the owner of the property located at 15-14 Cooper Avenue, Flushing (Queens), New York 11385

19.     Defendant Andyber Auto Repair Inc. is a commercial tenant operating a business at 15-14 Cooper Avenue, Flushing (Queens), New York 11385.

20.     Defendant K&M Auto Inc. is a commercial tenant operating a business at 15-14 Cooper Avenue, Flushing (Queens), New York 11385.

21.     Defendant Andy Bermeo is the principal of Andyber Auto Repair Inc. and K&M Auto Inc.

## STATUTORY BACKGROUND

22.     CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants by either compelling those parties that are responsible for the release to undertake the effort under EPA oversight and related enforcement activities, or funding the abatement when there are no viable or willing responsible parties.   Such actions are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

23.     Each Defendant is a "person" within the meaning of CERCLA Section 101(21), 42 U.S.C. § 9601(21).

### CERCLA Section 104(e)

24.     CERCLA Section 104, 42 U.S.C. § 9604, grants EPA broad authority to identify and address releases or threatened releases of hazardous substances. Specifically, whenever there is a release or substantial threat of release of a hazardous substance into the environment, EPA "is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance ... or take any other response measure consistent with the national contingency plan" that EPA deems necessary to protect the public health, welfare, or the environment. 42 U.S.C. § 9604(a)(1).  The national contingency plan is a duly promulgated federal regulation pertaining to the implementation of the CERCLA program.

25.     CERCLA Section 104(e), 42 U.S.C. § 9604(e), authorizes any duly designated officer, employee, or representative of EPA to enter at reasonable times any facility or property where EPA has a reasonable basis to believe that a hazardous substance has been or may have been

released, or when such a release is or may be threatened, to determine the need for a response action, choose or take a response action, or otherwise enforce the provisions of CERCLA. 42 U.S.C. § 9604(e).

26.    CERCLA Section 104(e), 42 U.S.C. § 9604(e), provides in pertinent part:

(e) Information gathering and access

(1) Action authorized

Any officer, employee, or representative of the President ... is authorized to take action under paragraph (2), (3), or (4) (or any combination thereof) at a vessel, facility, establishment, place, property, or location . . . . The authority of paragraphs (3) and (4) may be exercised only if there is a reasonable basis to believe there may be a release or threat of release of a hazardous substance or pollutant or contaminant. The authority of this subsection may be exercised only for the purposes of determining the need for response, or choosing or taking any response action under this subchapter, or otherwise enforcing the provisions of this subchapter.

* * *

(3) Entry

Any officer, employee, or representative described in paragraph [104(e)] (1) is authorized to enter at reasonable times any of the following:

(A) Any vessel, facility, establishment, or other place or property where any hazardous substance or pollutant or contaminant may be or has been generated, stored, treated, disposed of, or transported from.

(B) Any vessel, facility, establishment, or other place or property from which or to which a hazardous substance or pollutant or contaminant has been or may have been released.

(C) Any vessel, facility, establishment, or other place or property where such release is or may be threatened.

(D) Any vessel, facility, establishment, or other place or property

6

where entry is needed to determine the need for response or the appropriate response or to effectuate a response action under this subchapter.

27.     CERCLA Section 104(e)(6), 42 U.S.C. § 9604(e)(6), provides that nothing in CERCLA Section 104(e) shall preclude EPA from securing access in any other lawful manner.

28.     Courts have approved EPA's requests for access under CERCLA Section 104(e) to perform response actions.  *See, e.g.*, *United States v. W.R. Grace*, 134 F. Supp. 2d 1182 (D. Mont. 2001); *United States v. City of New Orleans*, 86 F. Supp. 2d 580 (E.D. La. 1999).

29.     Courts have ordered civil penalties where defendants have not complied with EPA's administrative orders, issued pursuant to CERCLA Section 104(e), in which EPA seeks access and directs recipients to provide full and unrestricted entry and access to properties to allow EPA to perform investigatory response activities.  *See, e.g.*, *Cannistra Realty, LLC v. EPA*, No. 7:19-cv-3558, 2021 WL 6113386 (S.D.N.Y. Dec. 27, 2021); *United States v. Genzale Plating, Inc.*, 807 F. Supp. 937 (E.D.N.Y. 1992).

**CERCLA Section 106(a)**

30.     CERCLA Section 106, 42 U.S.C. § 9606, grants EPA authority to issue orders as may be necessary to protect public health, welfare, and the environment.  Specifically, whenever it is determined that "there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility," EPA and the Attorney General may "secure such relief as may be necessary to abate such danger or threat … including, but not limited to, issuing such orders as may be necessary to protect public health and welfare and the environment." 42 U.S.C. § 9606(a).

31.     With regard to the affirmative abatement activities that EPA has determined to be

necessary and has directed the tenants to take to protect public health and welfare and the environment, EPA is relying on its authority set forth in the CERCLA Sections 104(e)(5) and 106(a), 42 U.S.C. §§ 9604(e)(5) and 9606(a). This includes authority to issue administrative orders to obtain access such as the Administrative Orders issued in this case to obtain access to the properties to effectuate response activities.

### FACTUAL ALLEGATIONS

### The Wolff-Alport Site

32.    The parcels at the Wolff-Alport Facility Property that are the subject of this Complaint are located at 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue in Queens, New York. Those Subject Properties are depicted in the map below:



33.    From the 1920s until 1954, the Wolff-Alport Chemical Company (the "Wolff-Alport Company") operated a facility at 1127 and 1129 Irving Avenue, Queens, New York, on the Wolff-Alport Facility Property.

8

34.     The operations of the Wolff-Alport Company included the importing and processing of monazite sand, from which rare earth elements were extracted and sold to various commercial entities.

35.     The process residues from the extraction process contained radioactive materials, including thorium and uranium, along with their decay products, such as radium.

36.     Such materials contain radionuclides, which are hazardous substances pursuant to CERCLA Section 101(14), 42 U.S.C. § 9601(14), 40 C.F.R. Table 302.4, and Appendix B to 40 C.F.R. Section 302.4.

37.     These radioactive process wastes were disposed of in the sewer system as well as buried at or near the Wolff-Alport Facility Property.

38.     In 2009, the New York City Department of Design and Construction conducted an investigation that revealed that the soil under the pavement/ground surface at the Wolff-Alport Site contained visible characteristics of the process waste.  The investigation further revealed that the process waste was consistently present within the top four feet under the pavement/ground surface and that in one area at the Wolff-Alport Site, the process waste was present to a depth of approximately eight to ten feet.

39.     In 2012, the federal Agency for Toxic Substances and Disease Registry issued a health consultation that noted that exposure to the residual radioactive contamination at the Wolff-Alport Site may pose a health threat under certain long-term exposure scenarios.

**Prior Time-Critical Removal Actions and Remedial Actions**

40.     In 2012, based on the findings of the federal Agency for Toxic Substances and Disease Registry, EPA prepared a Removal Site Evaluation for the Wolff-Alport Site to determine

whether an immediate response action (*i.e.*, a removal action) was necessary.

41.    That same year, EPA collected gamma radiation exposure rate measurements and thoron and radon concentration measurements on and around the perimeter of the suspected source area and at background locations.  The gamma radiation exposure rate measurements identified hot spots inside the buildings at the Wolff-Alport Site, along the former rail spur, and along the sidewalks and streets adjacent to the former Wolff-Alport Facility Property.  The gamma radiation exposure rate measurements further identified elevated radon concentrations in two of the business on the Wolff-Alport Facility Property.

42.    In 2013, EPA conducted a time-critical removal action at the Wolff-Alport Site. EPA installed a combination of lead, steel, and concrete shielding within the building located at 1127-1129 Irving Avenue and along a portion of the Irving Avenue sidewalk adjacent to the Wolff-Alport Facility Property.  EPA also installed a radon mitigation system in the building located at 1129 Irving Avenue and covered a former rail spur at the Wolff-Alport Facility Property that had been used to unload monazite sand and load other product for transport with a layer of rock and clean fill to reduce exposure to waste material.

43.    EPA placed the Wolff-Alport Site on the National Priorities List by publication in the Federal Register on May 12, 2014.  The National Priorities List is a list of sites considered by EPA to be national priorities for long-term evaluation and response among known releases or threatened releases of hazardous substances, pollutants, and/or contaminants.

44.    From September 2015 to March 2017, EPA conducted extensive sampling at the Wolff-Alport Site as part of a remedial investigation.  EPA tested soil, sewer system sediment, groundwater, air, building materials, and sewer line structural materials, and it collected samples

to delineate the extent of the radioactive waste contamination.

45.     In July 2017, EPA released for public comment a proposed plan for cleanup of the Site.  The proposed plan included a description of EPA's specific, preferred remedial alternative to address the conditions found at the Wolff-Alport Site and the rationale for EPA's preference. The preferred remedial alternative included, among other things, the relocation of the tenants in certain buildings at the Wolff-Alport Facility Property, the demolition of certain buildings to remove contaminated building materials and access contaminated soils underneath the buildings at the Wolff-Alport Facility Property, the proper off-site disposal of debris, and the excavated soils excavated from beneath the building at the Wolff-Alport Facility Property that exceed remediation cleanup levels.

46.     After proposing a preferred alternative but prior to selecting a final remedy for the Wolff-Alport Site, EPA representatives met with each tenant with a leasehold interest in any of the Subject Properties that would be required to relocate under the preferred remedial alternative.

47.     During those meetings with the tenants, EPA representatives notified the tenants of the public comment period regarding the selection of a remedy for the Wolff-Alport Site and alerted them of a public meeting to be held on August 16, 2017, at the Audrey Johnson Daycare Center, located at 272 Moffat Street, Brooklyn, New York 11207, which is near the Subject Properties.

48.     EPA held the public meeting on August 16, 2017, and several tenants attended, including Defendant Andy Bermeo and representatives for Defendants Andyber Auto Repair Inc., K&M Auto Inc., Primo Flat Fix, Inc., and Primo Flat Fix, Inc. d/b/a Los Primos Auto Repair and Sale.

49.     On September 26, 2017, EPA formally selected the preferred remedial alternative as the selected remedy for the Wolff-Alport Site.

50.     To effectuate the selected remedy, EPA requires the relocation of the current tenants at the Subject Properties, the demolition of the buildings on the Subject Properties, soil excavation, and proper off-site disposal, which will involve placing clean fill to replace the excavated soil.

### The Need for Access to the Wolff-Alport Site Property

51.     In reaching its decision regarding the selection of the remedy for the Wolff-Alport Site, EPA determined that the actual or threatened releases of hazardous substances from the Wolff-Alport Site presents a threat to public health, welfare, and the environment if EPA does not implement the selected remedy.

52.     The soils and building materials on the Wolff-Alport Facility Property are contaminated with thorium and uranium, both of which are radioactive elements and hazardous substances as defined under CERCLA.

53.     Exposure to the radionuclides and their decay products internally (*i.e.*, inhaling or ingesting) or externally can damage deoxyribonucleic acid and body tissues and can cause an increase in the risk of cancer over a lifetime.

54.     To protect public health, welfare, and the environment, EPA and its employees, agents, contractors, and other designated representatives must access the Subject Properties to effectuate the selected remedy for the Wolff-Alport Facility Property: demolish certain buildings to access, remove, and dispose of contaminated building materials and contaminated soils underneath the buildings.  CERCLA Section 104(e)(1) specifically authorizes access for EPA

where, as here, it needs to take a response action.

**EPA's Attempts to Access the Subject Properties**

55. Prior to selecting its remedy for the Wolff-Alport Site and on many occasions since selecting its remedy, EPA representatives have contacted Defendants, who are the owners of the Subject Properties and/or tenants with leasehold interests in the buildings on the Subject Properties that are required to relocate because of the remedy.

56. EPA first asked Defendants if they would voluntarily provide EPA with access to the Subject Properties and relocate so as to allow for the implementation the remedy.

57. Defendants did not agree to voluntarily provide EPA with access to the Subject Properties or relocate to allow for the implementation the remedy in response to EPA's requests.

58. EPA then issued the above-referenced three Administrative Orders to Defendants (as described in more detail, *infra*) requiring Defendants to vacate the Subject Properties and to provide EPA representatives with full and unrestricted entry and access to the Subject Properties for the purpose of performing the selected remedy as it pertains to the Subject Properties at the Wolff-Alport Site.

<u>1125 Irving Avenue</u>

59. On March 1, 2022, EPA issued Administrative Order No. CERCLA-02-2022-2030 ("1125 Administrative Order") to Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., and Primo Flat Fix Inc. relating to the property located at 1125 Irving Avenue, Queens, New York.

60. Consistent with the 1125 Administrative Order and in response to their request, EPA held a conference with representatives for Defendants Second A-One, Inc. and Isack David

Weisz on April 8, 2022, pursuant to the terms of the 1125 Administrative Order.

61.     During the April 8, 2022 conference, EPA representatives discussed the 1125 Administrative Order and answered Defendants' questions related to the 1125 Administrative Order, including the estimated time the work would take, the effects of demolition, and the need for the relocation of certain tenants.

62.     The deadline for Defendant La Jarabacoa Deli and Grocery Corp. (which did not request a conference or participate in the conference) to submit to EPA a Notice of Intent to Comply (per the terms of the 1125 Administrative Order) indicating whether it intended to comply with the 1125 Administrative Order was April 4, 2022.

63.     The deadline for Defendants Second-A-One, Inc. and Isack David Weisz to submit to EPA a Notice of Intent to Comply was May 2, 2022.

64.     The deadline for Defendant Primo Flat Fix Inc. (which did not request a conference or participate in the conference) to submit to EPA a Notice of Intent to Comply was May 16, 2022 (per the terms of the 1125 Administrative Order).

65.     Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., and Primo Flat Fix Inc. have not submitted to EPA any Notices of Intent to Comply with the 1125 Administrative Order and, consequently, they are Defendants in this action.

<u>1127 and 1129 Irving Avenue</u>

66.     On March 1, 2022, EPA issued Administrative Order No. CERCLA-02-2022-2031 ("1129 Administrative Order") to, *inter alia*, Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc., Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp. relating to the property located at 1127 and 1129 Irving Avenue, Queens, New

14

York.

67.     Consistent with the 1129 Administrative Order and in response to their request, EPA held a conference with representatives for Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc., and Terra Nova Restoration Corp. on April 8, 2022, pursuant to the terms of the 1129 Administrative Order.

68.     During the April 8, 2022 conference, EPA representatives discussed the 1129 Administrative Order and answered Defendants' questions related to the 1129 Administrative Order, including the estimated time the work would take, the effects of demolition, and the need for relocation.

69.     The deadline for Defendant Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale (which did not request a conference or participate in the conference) to submit to EPA a Notice of Intent to Comply (per the terms of the 1129 Administrative Order) was April 4, 2022.

70.     The deadline for Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc., and Terra Nova Restoration Corp. to submit to EPA a Notice of Intent to Comply was May 2, 2022.

71.     Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc., Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp. have not submitted to EPA any Notices of Intent to Comply with the 1129 Administrative Order, and, consequently, they are Defendants in this action.

72.     EPA also issued 1129 Administrative Order to Brother Appliances Corp. d/b/a Appliances 4 Less, and on May 4, 2022, it submitted to EPA a Notice of Intent to Comply with the 1129 Administrative Order.

73.     On July 29, 2022, Brother Appliances Corp. d/b/a Appliances 4 Less relocated from 1127 and 1129 Irving Avenue and, consequently, it is not a Defendant in this action.

15-14 Cooper Avenue

74.     On March 1, 2022, EPA issued Administrative Order No. CERCLA-02-2022-2008 ("Cooper Administrative Order") to Defendants Rudy L. Reyes, Andyber Auto Repair, Inc., K&M Auto Inc., and Andy Bermeo relating to the property located at 15-14 Cooper Avenue, Queens, New York.

75.     The deadline for Defendant Rudy L. Reyes to submit to EPA a Notice of Intent to Comply with the Cooper Administrative Order was April 25, 2022.

76.     The deadline for Defendants Andyber Auto Repair, Inc., K&M Auto Inc., and Andy Bermeo to submit to EPA a Notice of Intent to Comply was April 4, 2022.

77.     In July 2022, Defendant Rudy L. Reyes, through his attorney, represented to EPA an expectation that he would comply with the Cooper Administrative Order.

78.     Defendant Rudy L. Reyes has not complied with the Cooper Administrative Order and, consequently, he is a Defendant in this action.

79.     In August 2022, Defendant Andy Bermeo represented to EPA an expectation that he, Andyber Auto Repair, and K&M Auto Inc. would comply with the Cooper Administrative Order.

80.     Defendants Andy Bermeo, Andyber Auto Repair, and K&M Auto Inc. have not complied with the Cooper Administrative Order and, consequently, they are Defendants in this action.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Access Orders for 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue Under CERCLA Section 104(e))**

81.     The United States repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

82.     CERCLA Section 104(e), 42 U.S.C. § 9604(e), provides that EPA and its designated representatives may enter and secure access to a facility if there is a reasonable basis to believe there may be a release or threat of release of a hazardous substance or pollutant or contaminant for the purposes of taking any response action.

83.     The Wolff-Alport Site, including 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue, Queens, New York, is a "facility" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

84.     "Hazardous substances" within the meaning of CERCLA Section 101(14), 42 U.S.C. § 9601(14), including thorium and uranium, have been released to and/or from 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue, Queens, New York, at the Wolff-Alport Site.

85.     There is a reasonable basis to believe that "there may be a release or threat of release of a hazardous substance" within the meaning of CERCLA Section 104(e)(1), 42 U.S.C. § 9604(e)(1), at the Wolff-Alport Site.

86.     The remedial action for the remedy selected for the Wolff-Alport Site is a "response" action within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25).

87.     EPA has the authority to enter 1125 Irving Avenue, 1127 and 1129 Irving Avenue,

17

and 15-14 Cooper Avenue, in Queens, New York, at the Wolff-Alport Site to effectuate a response action at the Wolff-Alport Site within the meaning of CERCLA Sections 104(e)(1) and 104(e)(3), 42 U.S.C. §§ 9604(e)(1) and (e)(3).

88.     EPA and its employees, agents, contractors, and other representatives should be granted access to 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue, in Queens, New York, to effectuate the remedial action selected for the Wolff-Alport.

## SECOND CLAIM FOR RELIEF

### (Access Orders for 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue Under CERCLA Section 106(a))

89.     The United States repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

90.     CERCLA Section 106(a), 42 U.S.C. § 9606(a), provides that EPA and its designated representatives may secure such relief as may be necessary to abate an imminent and substantial endangerment to the public health or welfare or the environment because of the actual or threatened release of a hazardous substance from a facility.

91.     The Wolff-Alport Site, including 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue, Queens, New York, is a "facility" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

92.     "Hazardous substances" within the meaning of CERCLA Section 101(14), 42 U.S.C. § 9601(14), including thorium and uranium, have been released to and/or from 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue, Queens, New York, at the Wolff-Alport Site.

93.     There is an "actual or threatened release of a hazardous substance" within the

meaning of CERCLA Section 106(a), 42 U.S.C. § 9606(a), at the Wolff-Alport Site.

94.     The remedial action for the remedy selected for the Wolff-Alport Site is "necessary to abate" the actual or threatened release of a hazardous substance within the meaning of CERCLA Section 106(a), 42 U.S.C. § 9606(a), at the Wolff-Alport Site.

95.     EPA and its employees, agents, contractors, and other representatives should be granted access to 1125 Irving Avenue, 1127 and 1129 Irving Avenue, and 15-14 Cooper Avenue, in Queens, New York, to abate the actual or threatened release of hazardous substances at the Wolff-Alport Site.

### THIRD CLAIM FOR RELIEF

### (Order for Civil Penalties for Each Day of Noncompliance with EPA's Administrative Orders Under CERCLA Section 104(e)(5)(ii))

96.     The United States repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

97.     CERCLA Section 104(e)(5)(ii), 42 U.S.C. § 9604(e)(5)(ii), provides that the Court may assess a civil penalty, not to exceed $59,017[1], for each day of noncompliance against any person who unreasonably fails to comply with an administrative order issued pursuant to CERCLA Section 104(e), 42 U.S.C. § 9604(e).

### 1125 Irving Avenue

98.     On March 1, 2022, EPA issued the 1125 Administrative Order, which is an administrative order within the meaning of CERCLA Section 104(e), 42 U.S.C. § 9604(e), to

---

[1] While CERCLA Section 104(e)(5)(B) provides that a "court may assess a civil penalty not to exceed $25,000 for each day of noncompliance…", 42 U.S.C. § 9604(e)(5)(B), this amount has been gradually modified upward from its enactment in 1986 to a current, maximum daily penalty amount of $59,017.  *See* Federal Civil Penalties Inflation Adjustment Act of 1990 (published at 28 U.S.C. § 2461 note), as amended; 40 C.F.R. § 19.4, *as modified by* 85 Fed. Reg. 83818, 83821 (Dec. 23, 2020).

Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., and Primo Flat Fix Inc. relating to property located at 1125 Irving Avenue, Queens, New York.

99.    The deadline for Defendant La Jarabacoa Deli and Grocery Corp. to submit to EPA a Notice of Intent to Comply was April 4, 2022; the deadline for Defendants Second-A-One and Isack David Weisz was May 2, 2022; and the deadline for Defendant Primo Flat Fix Inc. was May 16, 2022.

100.    Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., and Primo Flat Fix Inc. have not submitted to EPA any Notices of Intent to Comply with the 1125 Administrative Order.

101.    Defendants La Jarabacoa Deli and Grocery Corp. and Primo Flat Fix Inc. have not relocated from 1125 Irving Avenue, Queens, New York.

102.    Defendants Second A-One, Inc. and Isack David Weisz have not taken steps to effectuate the requirement that tenants evacuate 1125 Irving Avenue, Queens, New York.

<u>1127 and 1129 Irving Avenue</u>

103.    On March 1, 2022, EPA issued 1129 Administrative Order, which is an administrative order within the meaning of CERCLA Section 104(e), 42 U.S.C. § 9604(e), to, *inter alia*, Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc.,  Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp. relating to property located at 1127 and 1129 Irving Avenue, Queens, New York.

104.    The deadline for Defendant Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale to submit to EPA a Notice of Intent to Comply was April 4, 2022; and the deadline for Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc., and Terra Nova Restoration

Corp. was May 2, 2022.

105.     Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc.,

Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp. have

not submitted to EPA any Notices of Intent to Comply with the 1129 Administrative Order.

106.     Defendants Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale and Terra Nova

Restoration Corp. have not vacated the premises at 1127 and 1129 Irving Avenue, Queens, New

York.

107.     Defendants 1127-1129 Irving Avenue Inc. and Hermenegildo Silvio Hernandez

have not taken steps to effectuate the requirement that tenants evacuate 1127 and 1129 Irving

Avenue, Queens, New York.

<u>15-14 Cooper Avenue</u>

108.     On March 1, 2022, EPA issued the Cooper Administrative Order, which is an

administrative order within the meaning of CERCLA Section 104(e), 42 U.S.C. § 9604(e), to

Defendants Rudy L. Reyes, Andyber Auto Repair, Inc., K&M Auto Inc., and Andy Bermeo

relating to property located at 15-14 Cooper Avenue, Queens, New York.

109.     The deadline for Defendant Rudy L. Reyes to submit to EPA a Notice of Intent to

Comply was April 25, 2022; and the deadline for Defendants Andyber Auto Repair, Inc., K&M

Auto Inc., and Andy Bermeo to submit to EPA a Notice of Intent to Comply was April 4, 2022.

110.     In July 2022, Defendant Rudy L. Reyes, through his attorney, represented to EPA

an expectation that he would  comply with the Cooper Administrative Order, but Defendant Rudy

L. Reyes has not has not complied with the Cooper Administrative Order.

111.     In August 2022, Defendant Andy Bermeo represented to EPA an expectation that

he, Andyber Auto Repair, and K&M Auto Inc. would comply with the Cooper Administrative Order, but Defendants Andyber Auto Repair, Inc., K&M Auto Inc., and Andy Bermeo have not vacated the premises at 15-14 Cooper Avenue, Queens, New York.

112.    Defendant Rudy L. Reyes has not taken steps to effectuate the requirement that tenants evacuate 15-14 Cooper Avenue, Queens, New York.

\* \* \*

113.    Defendants may be liable to the United States for civil penalties for each day of noncompliance with EPA's Administrative Order starting from the date of the respective deadlines for Defendants to submit to EPA a Notice of Intent to Comply to the present.

## FOURTH CLAIM FOR RELIEF

### (Order for Civil Penalties for Each Day of Noncompliance with EPA's Administrative Orders Under CERCLA Section 106(a))

114.    The United States repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

115.    CERCLA Section 106(b)(1), 42 U.S.C. § 9606(b)(1), provides that the Court may assess a civil penalty, not to exceed $59,017,[2] for each day of noncompliance against any person who, without sufficient cause, willfully violates or fails or refuses to comply with an administrative order issued pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a).

---

[2] As described above regarding the maximum daily penalty amount available under CERCLA Section 104(e)(5)(B), CERCLA Section 106(b)(1) likewise provides an order recipient may "be fined not more than $25,000 for each day which such violation occurs," and similarly this amount has also been gradually modified upward from its enactment in 1986 to a current, maximum daily penalty amount of $59,017. *See* Federal Civil Penalties Inflation Adjustment Act of 1990 (published at 28 U.S.C. § 2461 note), as amended; 40 C.F.R. § 19.4, *as modified by* 85 Fed. Reg. 83818, 83821 (Dec. 23, 2020).

<u>1125 Irving Avenue</u>

116.     On March 1, 2022, EPA issued the 1125 Administrative Order, which is an order issued pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), within the meaning of CERCLA Section 106(b)(1), 42 U.S.C. § 9606(b)(1).   The 1125 Administrative Order was issued to Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., and Primo Flat Fix Inc. relating to property located at 1125 Irving Avenue, Queens, New York.

117.     The deadline for Defendant La Jarabacoa Deli and Grocery Corp. to submit to EPA a Notice of Intent to Comply was April 4, 2022; the deadline for Defendants Second-A-One and Isack David Weisz was May 2, 2022; and the deadline for Defendant Primo Flat Fix Inc. was May 16, 2022.

118.     Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., and Primo Flat Fix Inc. have not submitted to EPA any Notices of Intent to Comply with the 1125 Administrative Order.

119.     Defendants La Jarabacoa Deli and Grocery Corp. and Primo Flat Fix Inc. have not relocated from 1125 Irving Avenue, Queens, New York.

120.     Defendants Second A-One, Inc. and Isack David Weisz have not taken steps to effectuate the requirement that tenants evacuate 1125 Irving Avenue, Queens, New York.

<u>1127 and 1129 Irving Avenue</u>

121.     On March 1, 2022, EPA issued 1129 Administrative Order, which is an order issued pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), within the meaning of CERCLA Section 106(b)(1), 42 U.S.C. § 9606(b)(1).   The 1129 Administrative Order was issued to, *inter alia*, Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc.,   Primo Flat Inc.

d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp. relating to property located at 1127 and 1129 Irving Avenue, Queens, New York.

122.    The deadline for Defendant Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale to submit to EPA a Notice of Intent to Comply was April 4, 2022; and the deadline for Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc., and Terra Nova Restoration Corp. was May 2, 2022.

123.    Defendants Hermenegildo Silvio Hernandez, 1127-1129 Irving Avenue Inc., Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp. have not submitted to EPA any Notices of Intent to Comply with the 1129 Administrative Order.

124.    Defendants Primo Flat Inc. d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp. have not vacated the premises at 1127 and 1129 Irving Avenue, Queens, New York.

125.    Defendants 1127-1129 Irving Avenue Inc. and Hermenegildo Silvio Hernandez have not taken steps to effectuate the requirement that tenants evacuate 1127 and 1129 Irving Avenue, Queens, New York.

<u>15-14 Cooper Avenue</u>

126.    On March 1, 2022, EPA issued Cooper Administrative Order, which is an order issued pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), within the meaning of CERCLA Section 106(b)(1), 42 U.S.C. §  9606(b)(1).  The Cooper Administrative Order was issued to Defendants Rudy L. Reyes, Andyber Auto Repair, Inc., K&M Auto Inc., and Andy Bermeo relating to property located at 15-14 Cooper Avenue, Queens, New York.

127.    The deadline for Defendants Andyber Auto Repair, Inc., K&M Auto Inc., and Andy

24

Bermeo to submit to EPA a Notice of Intent to Comply was April 4, 2022; and the deadline for Defendant Rudy L. Reyes to submit to EPA a Notice of Intent to Comply was April 25, 2022.

128.    In July 2022, Defendant Rudy L. Reyes, through his attorney, represented  to EPA an expectation that he would  comply with the Cooper Administrative Order, but Defendant Rudy L. Reyes has not complied with the Cooper Administrative Order.

129.    In August 2022, Defendant Andy Bermeo represented to EPA an expectation that he, Andyber Auto Repair, and K&M Auto Inc. would comply with the Cooper Administrative Order, but Defendants Andyber Auto Repair, Inc., K&M Auto Inc., and Andy Bermeo have not vacated the premises at 15-14 Cooper Avenue, Queens, New York.

130.    Defendant Rudy L. Reyes has not taken steps to effectuate the requirement that tenants evacuate 15-14 Cooper Avenue, Queens, New York.

* * *

131.    Defendants may be liable to the United States for civil penalties for each day of noncompliance with EPA's Administrative Order starting from the date of the respective deadlines for Defendants to submit to EPA a Notice of Intent to Comply to the present.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff United States of America respectfully requests the following relief from this Court:

A.    Issue a judicial order, pursuant to CERCLA Sections 104(e), 42 U.S.C. § 9604(e), to enforce:

(i)     the 1125 Administrative Order against Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., and Primo Flat Fix Inc., and

thereby grant EPA and its designated representatives access to property located at 1125 Irving Avenue in Queens, New York;

(ii) the 1129 Administrative Order against Defendants 1127-1129 Irving Avenue LLC, Hermenegildo Silvio Hernandez, Primo Flat Fix Inc. d/b/a Los Primos Auto Repair and Sale, Terra Nova Restoration Corp., and thereby grant EPA and its designated representatives access to property located at 1127 and 1129 Irving Avenue in Queens, New York; and

(iii) the Cooper Administrative Order against Defendants Rudy L. Reyes, Andyber Auto Repair Inc., K&M Auto Inc., and Andy Bermeo, and thereby grant EPA and its designated representatives access to property located at 15-14 Cooper Avenue in Queens, New York.

B. Issue a judicial order, pursuant to CERCLA Sections 104(e) and 106(a), 42 U.S.C. §§ 9604(e), 9606(a), to allow EPA to implement its selected remedy at the Wolff-Alport Site against:

(i) Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp., Primo Flat Fix Inc., granting EPA and its designated representatives access to property located at 1125 Irving Avenue in Queens, New York;

(ii) Defendants 1127-1129 Irving Avenue LLC, Hermenegildo Silvio Hernandez, Primo Flat Fix Inc. d/b/a Los Primos Auto Repair and Sale, Terra Nova Restoration Corp., granting EPA and its designated representatives access to property located at 1127 and 1129 Irving Avenue in Queens, New York; and

(iii) Defendants Rudy L. Reyes, Andyber Auto Repair Inc., K&M Auto Inc., and Andy

Bermeo, granting EPA and its designated representatives access to property located at 15-14 Cooper Avenue in Queens, New York.

C.      Issue a judicial order, pursuant to CERCLA Sections 104(e) and 106(b)(1), 42 U.S.C. §§ 9604(e)(5)(B), 9606(b)(1), imposing civil penalties on:

(i)      Defendants Second A-One, Inc., Isack David Weisz, La Jarabacoa Deli and Grocery Corp, and Primo Flat Fix Inc., owners or tenants of 1125 Irving Avenue in Queens, New York, for their refusal to comply with the 1125 Administrative Order.

(ii)     Defendants 1127-1129 Irving Avenue LLC, Hermenegildo Silvio Hernandez, Primo Flat Fix Inc. d/b/a Los Primos Auto Repair and Sale, and Terra Nova Restoration Corp., owners or tenants of 1127 and 1129 Irving Avenue in Queens, New York, for their refusal to comply with the 1129 Administrative Order; and

(iii)    Defendants Rudy L. Reyes, Andyber Auto Repair Inc., K&M Auto Inc., and Andy Bermeo, owners or tenants of 15-14 Cooper Avenue, Queens, New York, for their failure to comply with the Cooper Administrative Order.

D.      Order Defendants to pay civil penalties, pursuant to CERCLA Section 104(e)(5)(B), for each day of noncompliance with EPA's Administrative Orders, starting from the date of the respective deadlines for Defendants to submit to EPA a Notice of Intent to Comply to the present.

E.      Order Defendants to pay civil penalties, pursuant to CERCLA Section 106(b)(1), for each day of noncompliance with EPA's Administrative Orders, starting from the date of the respective deadlines for Defendants to submit to EPA a Notice of Intent to Comply to the present.

F.      Grant the United States such other and further relief as it deems just, necessary, and

proper.

Dated: January 23, 2023     BREON PEACE
   Brooklyn, New York    United States Attorney
              Eastern District of New York
              271-A Cadman Plaza East
              Brooklyn, New York 11201

          By:  */s/ Ekta R. Dharia*
             EKTA R. DHARIA
             PAULINA A. STAMATELOS
             Assistant United States Attorneys
             (718) 254-7520 / 6198
             ekta.dharia@usdoj.gov
             pauline.stamatelos@usdoj.gov